*B. M. Thomas* and *H. S. Cauthorn*, for the state.

---

MULHOLLIN *v.* THE STATE on the relation of MARY A. WARD.

The Court before which a cause is being tried has some discretion as to the length of time during which a witness shall be examined; and that discretion will be presumed to have been properly exercised where the record does not show that it was abused.

APPEAL from the *Parke* Circuit Court.

PERKINS, J.—Prosecution for bastardy. Conviction before the justice and in the Circuit Court. On the trial in the Circuit Court, *Mary A. Ward*, mother of the bastard child, and prosecuting witness, was called and fully examined. The defendant also examined witnesses; and he then offered to read in evidence two certain interrogatories addressed to the prosecuting witness before the justice of the peace, and her answers thereto; but the Court refused to permit such part of the examination before the justice

to be read, but gave the defendant permission to read the whole. Without having the whole of said examination before us, we could not say that the Court erred in this ruling, as the particular part proposed to be read with a view of contradicting the witness, might be qualified by other parts; nor do we decide that less than the whole of that examination could go in evidence under any circumstances. We decide nothing on the point. The whole question as to the ruling under consideration, was rendered immaterial by the prosecutor giving in evidence, without objection, the whole of said examination, in a subsequent stage of the cause. The defendant thus had the benefit, before the jury, of the part he wished to use.

The prosecution then called rebutting testimony, and re-examined the prosecuting witness. The defendant also again cross-examined her. At length, a question asked by him was objected to, the objection sustained, and the Court directed the witness to stand aside, saying she had been examined long enough. It does not appear that the defendant expressed a wish to ask any further question.

Cross-examinations should be confined to the topics of the direct examination, and all examinations should relate to pertinent matters. Under this rule the Court committed no error in restraining the witness from answering; and the Court certainly must have some discretion as to how long a witness shall be examined. It would not be bound to sit for days and hear frivolous questions. We can not say the discretion was abused in this case.

As to the weight of evidence, it was sufficient to justify a conviction.

An instruction is objected to as assuming facts to be proved. Instructions should not contain such assumptions. Taken altogether, we do not think those in this case sufficiently objectionable on this ground to justify a reversal. We think they could not have misled the jury.

*Per Curiam.*—The judgment is affirmed, with 2 per cent. damages and costs.

*J. P. Usher*, for the appellant.